Wood, C. J.
. The ruling of the Court of Common Pleas, upon the question of evidence raised upon the trial, as stated in the record, was not excepted to,'and is not before us. The 'exception goes only to the charge of the Court. If, however, the point was made upon the record, it would not aid the plaintiff. The evidence given was a direct link1 in the defendant’s title, and conduced to prove his right and authority to do the acts for which the áction was brought, and was, for. that reason, admissible. But this is not the important inquiry in this case. The real matter in dispute arises on the'instructions which were given to the juiy as to the. extent of the grant, in the conveyance from Smith and wife to Higgins, under whom the defendant holds. The .description of the property conveyed, and the extent of the grant, are, in substance, as follows:
f‘ Three acres of land within the bounds of lot No. 30, in ‘ said section, through which Big Cold creek passes, and better ‘ known as the Pettingale mill and lot, bounded as follows, &c., * containing three acres of land, with all the privileges and ap- * purtenances, and all the mill-gearing and apparatus, tools and ‘ the. like, attached and detached, in ‘and-about said mill and ‘premises: also',- all the right and privilege which we hold in. ‘ a certain deed from Samuel Pettingale, and by us recorded, ‘ upon the records of Huron county, to place the water, &c., ‘ (refer to the record for particulars,) and all the. right and ‘ privileges of water power, &c., upon our land, upon Big Cold ‘ creek, between our mill and said Higgins’ mills, and better ‘ known as being the south half of lot No. 30, in section 3, of ‘ said town, and on a seven acre fraction, which lays adjoining ‘ the aforesaid lot, on the south; and the right of access to any ‘ part of said Cold creek, on my premises, and all times to re- * move obstructions in said creek, or to excavate said creek, so ‘ as to draw down the water at his mill, and to keep the same c down, so as not to obstruct his wheel or wheels with back- ‘ water; and give him the privilege of excavating and drawing ‘ down said creek, as low as he pleases, at all times; and give ‘ him the privilege of excavating said creek, to a width sufñ- *199 £ cient to draw down said creek as low as shall be necessary for £ his use at any future time. And we furthermore bind our- £ selves, heirs and executors., not to obstruct said creek in any £ way, or by any thing upon our premises, so as to prevent a £ free passage for the water, at all times, in said creek or £ channel.” .
It is not denied that this grant authorizes the full and complete use of the water power, in the natural channel of the stream, for the purposes mentioned; nor that the channel of the stream may be widened, and, by excavation, deepened at pleasure. But it is said the water must not be diverted from. its natural channel. We think even this right is conferred by these words in the grant: ££ and give him the privilege of ex- ‘ cavating and drawing down said creek, as low as he pleases, £ at all times.” If it was intended by the parties to this deed, that the water was to be used only in the bed of the stream, they have been unfortunate in the language employed to convey their meaning. To draw down a lake or pond, is to let off the water, and thereby diminish the quantity that remains; and to draw doion a creek, is to let off the water so as to lessen the volume below, in the bed of the stream, and is only to be effected by its diversion from its natural channel. The channel may be deepened, but that would not draw down, lessen or draw off the water. The same volume of .water would still continue to flow there, after, as before the channel was deepened.
But suppose the right from the whole grant, taken together, is doubtful, then the rule applies, that every grant shall be construed, in case of doubt, most strongly against the grantor.
We see no error in the charge of the Court, and the judgment below must be affirmed.

Judgment Affirmed.